Nevius, J.
The case, as above stated, exhibits a brief, but a substantial and true history of the pleadings filed by the parties to this suit. The first questions presented for the consideration and decision of the court, arise upon the defendant’s demur *475 rers to the replication to the sixth, eighth, and ninth pleas. The sixth plea alleges that the power to purchase and hold the said writing obligatory, is not specifically granted to the plaintiffs by any charter or act of incorporation, nor does it necessarily result from their proper business. The plaintiffs, in their reply, say, that although such power is not specifically granted by the express terms of their charter, yet that Ogden became lawfully indebted to them in the course of their proper business, and to secure that debt, assigned said bond to them, which they accepted, as, by virtue of their charter, they had authority to do. The defendant objects to this replication, that the plaintiffs do not therein aver that they accepted said assignment in satisfaction of their said debt, and secondly, that it is not averred, nor does it appear from the act of incorporation, set forth in their fourth replication, that the plaintiffs have power to purchase and hold said bond by assignment.
Before examining these objections to the plaintiffs’ replication, it is proper to examine the plea itself, for if that is defective in substance, judgment on this demurrer must be rendered for the plaintiffs. I think the plea defective in substance, and that it is no answer to the declaration to say, that the act of incorporation of the plaintiffs does not grant them the specific power to purchase or deal in this particular bond, or that such power does not necessarily result from their proper business. If the plaintiffs have no such power, this would have been a good defence under the general issue, and that which may be given in evidence under that issue, ought not to be specially pleaded. But again, this plea denies a general power in the plaintiffs, which is incident to such a corporation, by alleging that it is not specifically granted to them. "Whether granted or not, in direct and express words, it nevertheless exists, unless restrained by the terms of the charter, either by a prohibitory clause relating to all bonds, or to this bond in particular. To purchase and hold lands and chattels for the general purposes of an incorporation, is a right and power annexed to all corporations, where, for such purposes, it is either necessary or proper to exercise it. But if it is insisted that the latter part of this plea is good, to wit, that the power to purchase this bond did not necessarily result from their proper business, it may be answered that the plea being bad in part, it *476 connot be sustained; for a plea, being entire, must be wholly good or wholly bad.
But if this plea were good in law, it is a good reply to it to say, that the debt of Ogden was contracted to the plaintiffs in the course of their proper business, and the assignment was made to secure that debt, as, by virtue of their charter, it was competent and lawful for them to do. If the plaintiffs, as a corporation, have the power to enter into contracts in the course of their ordinary and proper bnsiness,.and such power will not be denied, it will follow that they have the right to enforce and carry such contracts into effect, by their voluntary receipt of payment, and by consequence, to take such security for the payment as they may deem expedient, whether by original bond or note, of their debtors, or by the transfer and delivery of the bond or note of a third person, unless especially restrained by the terms of their charter, from doing so. Upon this demurrer I am of opinion that judgment should be for the plaintiffs.
The eighth plea of the defendant alleges that the assignment was made in pursuance of a corrupt agreement for the loan of money, whereby there was reserved more than six per cent, interest, contrary to the statute. The replication is, that the assignment was made and accepted out of the state .of. New-Jersey, to wit, in the state of New-York, and in pursuance of a fair and lawful agreement made out of New-Jersey, to wit, in New-York, and not for any other agreement. If this plea is bad in substance, the like judgment must be given on this demurrer, whether the replication is good or not. Does this plea answer the decíaration ? or is it in any other respect defective in substance ? The declaration charges that the said Isaac Ogden, on the 6th of July, 1837, at Waddington, in the county, of St. Lawrence, in the state of New-York, by deed, &c. assigned said bond, &c. The plea alleges that it was made in pursuance of a corrupt agreement, and contrary to the form of the statute. .Now the law will imply that where a statute is referred to in general terms in a plea, that the statute intended is the statute of the state where it is pleaded, as in this case the statute of New-Jersey. The plea should, therefore, have averred that the assignment was made pursuant to an agreement made in New-Jersey, which would be affected by the provisions of such statute.....If the agreement was *477 made out of Yew-Jersey, it could not be said to be contrary to the form of the statute of Yew-Jersey, in such case provided. The plea admits that the assignment was made in Yew- York, because it does not deny that allegation in the declaration, and if pursuant to a corrupt agreement, the legal presumption is, that it was also made there, or, if not, it should have been so averred in the plea. It is no answer to say that this defect is supplied by the venue. For the declaration contains a positive averment that the assignment was made in Yew-York, and the plea should have averred that it was in pursuance of an agreement made in Yew-Jersey, if the defendant intended to insist upon that fact. Wherever the place is material, it should be stated in direct terms, and not be left to be referred to the venue. In this respect, the plea is defective in substance.
But if we were to overlook this objection to the plea, I find no ground to sustain the demurrer to the replication. In that, there is no admission that the assignment was made on a corrupt agreement; on the contrary, it is therein re-affirmed, that it was made out of the state of Yew-Jersey, and averred to have been in pursuance of a fair and lawful agreement, and not in pursuance of any other agreement. This is a denial of every material fact alleged in the plea. It was not necessary to state the place where the agreement was made, but it was sufficient to state, that it was a lawful agreement, and out of the operation of the statute of Yew-Jersey. Judgment should, therefore, be entered for the plaintiffs on this demurrer.
The first, second and fourth causes of demurrer, assigned to the replication to the ninth plea, may be considered as already answered. The same remarks made as to the validity of the replication to the eighth plea, are applicable to these.
The third cause assigned, is, that it is not alleged, nor does it appear by the act of incorporation, that the plaintiffs have right to take interest at a rate above six per cent, per annum. It need not so appear. Corporations, as natural persons, may contract for any rate of interest, unless restrained by statute; and this is a matter of defence, and the power need not be shown by the plaintiffs’ pleading. This demurrer is also well taken, and judgment must be entered for the plaintiffs.
I come now to the consideration of the demurrer taken to the *478 rejoinder to the replication to the fourth plea. By this demurrer, it is objected that it concludes to the country, and puts in issue, to be tried by the country, the existence of a record. The general rule certainly is, that a record is to be proved by inspection, or per se. What is a record ? Records are said to be acts of Parliament and decrees or judgments of courts of justice. But acts of parliament, or of the legislatures of foreign states, are not such records as come within this general rule of the common law. They are to be otherwise proved. And the defendant accordingly insists here, that a statute of another state, and especially a private statute, is to be proved as a fact, and tried by the country. That all statutes which the court cannot judicially notice, even a private statute of our own state, must be proved as a fact and not as a record. This is not true to the extent urged, even at common law, for a private statute of New-Jersey, in the courts of New-Jersey, must be proved as a record, and not by a witness who has compared the copy. But the constitution of the United States and the act of Congress have settled the law on the subject of records of ioreign states, and changed the common law rule. By the former, full faith and credit is to be given in each state, to the public acts, records,” and judicial proceedings of every other state, and Congress may, by general law, prescribe the manner in which such acts and records shall be proved. The act of Congress, passed in 1790, provides that the acts of the legislatures of the several states, shall be'authenticated by having the seals of their respective states affixed to them. But it is said this is a private statute, and not subject to the provisions of the foregoing article of the constitution, and act of Congress, and cannot, therefore, be proved as a record. That even if it were a statute of our own state, it must be proved as a matter of fact and tried by jury. This is not so. Private as well as public statutes, are the laws of the legislatures by which they are passed, and if proof of them is necessary, it is proof to the court, and must be as records. The only difference between them is, that in the state in which they are passed, public acts require no proof, for they are presumed to be within the knowledge of the court, whilst private acts are to be proved, but they are to be proved as records, and when authenticated under the seal of the state in which they are passed, are to be received and treated *479 as records in the courts of such state. This is the rule of the common law, and not affected by the constitution, or act of Congress above cited; they apply only to statutes of other states, and make no distinction as to the mode of proof between public and private statutes. They are all records, and when authenticated under the great seal of the state in which they are passed, become entitled to full faith and credit in any other state. 1 Wash. C. C. It. 369, and the cases there cited in note. That is, if the act of incorporation in this case is evidence per se, in the state in which it passed, the act of Congress provides that when properly authenticated, it shall have the same faith and credit given to it here. If there it would have the effect of record evidence, so must it here. 3 Sto. Com. on Con. 183. That, in the state of Vermont, this act would have the effect of a record, cannot, I think, be doubted, and, consequently, it must be here esteemed as a record. The conclusion to this rejoinder I think wrong, and the demurrer well taken.
The last question presented by these pleadings, arises on the demurrer to the rejoinder to the replication to the seventh plea. The causes assigned are, that it attempts to set up other matter of defence, and does not support the plea, narrows and confines the issue, and does not answer the whole replication, nor put in issue the material matters alleged in the plea, and denied and traversed by the replication.
The plea alleges, that the assignment to the plaintiff was made at Newark, in the State of New Jersey, and in pursuance of a corrupt agreement there made; and denies that it was made at Waddington.
The replication reaffirms the allegation in the declaration, that it was made at Waddington, in New York, and in pursuance of a fair and lawful agreement there made; and not of any agreement made at Newark or any other place in the state of New Jersey.
The rejoinder is, that it was not made at Waddington in pursuance of a fair and lawful agreement made at that place.
The defence set up iu the plea is, that the assignment was made in New Jersey, pursuant to a corrupt agreement there made, whilst the rejoinder is, that it was not made in New York pursuant to a fair agreement there made. A rejoinder is sub *480 ject to the same rules that govern pleas, with this addition, that, it must support and not depart from the plea. Here this rule is violated ; and for this cause, the rejoinder is bad. Without examining the other causes, I am of opinion, that this demurrer should be sustained. '
Let judgment be entered for the plaintiffs on all the demurrers.
The whole court agree to the above opinion, except Mr. Justice Whitehead, who did not hear the argument. Elmer, Justice, was absent, when it was delivered.

Judgment for plaintiffs, on all the demurrers.

Cited in Dolman v. Cook, 1 McCar. 62; Campion v. Kille, 1 McCar. 231.